### LEM v. UNITED STATES.

Civ. A. No. 2092–48.

United States District Court
District of Columbia.

April 19, 1950.

‘ Robert M. Gray, Washington, D. C., for plaintiff.

Bruce G. Sundlun, Sp. Asst., to U. S. Atty., Washington, D. C., for defendant.

PINE, District Judge.

This action, having been tried by the Court, without a jury, the Court hereby makes the following findings of fact and conclusions of law.

### Findings of Fact

1. On July 22, 1947, plaintiff, age 30, with her mother and sister, attended the Gershwin Memorial Concert given by the National Symphony Orchestra, a private corporation, at the Watergate, an open-air auditorium located on the bank of the Potomac River at Underpass Road near the Lincoln Memorial in West Potomac Park, Washington, D. C. The entire area described is under the control of the National Park Service, an agency of the defendant.

2. At about 10:30 p.m., when the concert was ended, plaintiff, on foot, left the Watergate with her mother and sister and while walking near the approach to the Arlington Memorial Bridge at the Lincoln Memorial Circle, plaintiff and her mother and sister stepped off the sidewalk on to a grass park strip in order to pass people walking ahead of them on the sidewalk.

3. Plaintiff left the sidewalk voluntarily and intentionally.

4. Plaintiff walked slightly faster on the park strip than when she was on the sidewalk but she was not running.

5. Plaintiff walked about ten feet on the grass and injured her right leg when returning to the sidewalk by stepping into a steep hole which abutted the edge of a concrete gutter separating the sidewalk from the grass park strip. The hole was about six to twelve inches wide and twelve to eighteen inches deep and was not manmade.

6. The sidewalk was 20 feet six inches wide and in good condition at the point abreast of where plaintiff fell. There were three 1000 candlepower lights on poles 18 feet high nearby with the nearest being about 50 feet away.

7. Rats were known to exist in the area, and the National Park Service workmen were instructed to mark with a stick all holes observed in the course of other duties, such as cutting the grass and picking up trash. Instructions were then to notify the exterminating crew who would put gas and poison into the hole to kill the rats before filling the hole with earth. The grass in the area where plaintiff fell was cut once a week.

### Conclusions of Law

1. This is an action under the Federal Tort Claims Act, Section 1346 (b), Revised Title 28 U.S.C.A.

2. Plaintiff occupied the status of a licensee on defendant's property and occupying such status, she may not recover because defendant owed plaintiff no duty other than that of not wantonly or wilfully causing her harm and of not exposing her to hidden perils.

3. If plaintiff can be considered to have had the status of an invitee, plaintiff may not recover because there was no showing under the circumstances and conditions of this case that defendant failed to exercise reasonable care in its maintenance and inspection of the area where plaintiff's injury occurred.

4. The defendant is entitled to judgment.